## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Migler Armando FUENTES VASQUEZ | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-03751 |
| | : | |
| MULLIN, et al., | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this 4th day of June, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1) and the Government's Letter dated June 3, 2026 (ECF No. 3), **IT IS**

**HEREBY ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Fuentes Vasquez is a citizen of Guatemala who has resided in the United States since approximately 2007, having entered the country as an unaccompanied minor at around sixteen years of age. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶¶ 3, 21 (ECF No. 1). On or about May 29, 2026, immigration authorities detained Mr. Fuentes Vasquez near Dover, Delaware, as he was leaving his construction job. *See id.* ¶¶ 4, 55. Mr. Fuentes Vasquez has no criminal convictions in either the United States or Guatemala and maintains substantial family and community ties within the United States, including a long-term partner who is expecting their first child. *See id.* ¶¶ 5, 54. He is presently detained at the Federal Detention Center in Philadelphia, Pennsylvania. *See id.* ¶¶ 2, 55.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Fuentes Vasquez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Mr. Fuentes Vasquez's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also mentions in a footnote that it is appealing *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150 (3d Cir.), but those

2.   Mr. Fuentes Vasquez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.   The Government shall **RELEASE** Mr. Fuentes Vasquez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on June 5, 2026**;

4.   If the Government chooses to pursue re-detention of Mr. Fuentes Vasquez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.   The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

matters remain pending. *See* Letter from John W. Scott, Assistant United States Attorney, to Judge John M. Gallagher (June 3, 2026) (ECF No. 3).

Accordingly, Mr. Fuentes Vasquez's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.